Alex J. Flangas, Esq.
Nevada Bar No. 664
aflangas@hollandhart.com
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511
Phone: 775-327-3000
Fax: 775-786-6179

*Attorneys for Management and Training Corporation*

# THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ADAMS AND ASSOCIATES, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS CONNORS and MANAGEMENT & TRAINING CORPORATION, INC.,<br><br>Defendants. | CASE NO.:  3:12-cv-00312-RCJ-WCG<br><br>**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER** |

This matter came before the Court for hearing on the plaintiff's Motion for Temporary Restraining Order on June 15, 2012.  The Court had reviewed the Amended Complaint filed by plaintiff, Adams and Associates, Inc. ("Adams"), the plaintiff's *Ex Parte* Motion for Temporary Restraining Order and Motion for Preliminary Injunction, the plaintiff's Supplement to *Ex Parte* Motion for Temporary Restraining Order and Motion for Preliminary Injunction, and the relevant exhibits and attachments to those documents. In addition, this Court reviewed the Declarations submitted by Management & Training Corporation, Inc. ("MTC") of Dean Hoffman, Lynette Greenwell, and Chris Connors.  The Court also heard argument of counsel for Adams and counsel for MTC at the time of the hearing.[1]

---

[1] The Court was informed at the time of the hearing that Mr. Flangas was appearing for MTC, but was not yet certain whether he would be representing Mr. Connors individually.

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

Background:  Adams' motion addressed a covenant-not-to-compete provision in a prior employment contract between Adams and defendant Chris Connors.  Adams contends that the provision expressly prohibits Mr. Connors from having any involvement whatsoever in the procurement of contracts for the operation of any Job Corp facility currently operated by Adams for a period of five years from the date that Mr. Connors left the employ of Adams.  Adams maintains that Mr. Connors was in possession of certain confidential information about Adams and the manner in which it operated those Job Corps facilities, and that the provision was necessary to protect Adams from any involvement by Mr. Connors with any competitor of Adams when such contracts came up for renewal or re-bid.

The main focus of the TRO hearing and the urgency which Adams stated required action on an expedited *ex parte* basis was the upcoming bid for the contract to operate the Gadsden Center, which is a Job Corp facility currently operated by Adams in Gadsden, Alabama. The moving papers indicated that bids to the U.S. Department of Labor for the new contract were due to be submitted by June 22, 2012.[2]  Adams requested injunctive relief to prohibit certain actions by the defendants in regard to that bidding/procurement process: specifically, Adams wanted Connors prevented from any further participation whatsoever, and Adams further requested that MTC and anyone who had consulted with Connors (including API) to be prevented from submitting a bid to the DOL for the Gadsden Center contract.

At the hearing, the Court acknowledged that declarations filed by MTC stated (1) that MTC would no longer involve Mr. Connors in any aspect of the preparation of the proposal or bid to obtain the contract for the operation of the Job Corps facility at Gadsden, and (2) that Mr. Connors involvement to that point had been minimal -- consisting only of participation in a couple of telephone conference calls wherein he offered corrections to certain typographical errors and some corrections to sentence structure in an already-prepared proposal.

The Court expressly inquired of counsel for MTC if would oppose the issuance of a TRO

---

[2] The Court was informed by counsel for the parties at the hearing that, as of the morning of the hearing, the Department of Labor had issued notice that the date for the submission of such bids had been pushed back to July 6, 2012, from the earlier June 22, 2012, date.

**HOLLAND & HART LLP**
5441 Kietzke Lane, Second Floor
Reno, NV 89511

1  if such TRO was limited to preventing Mr. Connors from any continued involvement in the

2  proposal and/or bidding process. Specifically, the Court asked if MTC was willing to commit on

3  the record that it would not object to the issuance of a TRO if such TRO were to require that

4  MTC (1) not further consult with Mr. Connors about the proposal/bid, and (2) not propose Mr.

5  Connors as an employee who would be involved in the operation of the facility in any proposal

6  that MTC would submit as a subcontractor to its general contractor, API, and that MTC would

7  assure the Court that API would similarly not propose Mr. Connors in their formal bid for the

8  procurement of the Gadsden facility contract with the U.S. Department of Labor.

9      MTC's counsel acknowledged to the Court that it would not oppose the issuance of a

10  TRO limited as stated by the Court, but that such acquiescence to the TRO was not to be

11  construed as a waiver by MTC of its right to contest the validity of the restrictive covenant, its

12  applicability to this particular contract or others, whether Mr. Connors' actions constituted a

13  breach of the restrictive covenant, or any other issues that were raised by the Motion and the

14  Amended Complaint.

15      Having heard from counsel for the parties, the Court then rendered its determination that

16  it was appropriate to issue a TRO limited as discussed above, but the Court rejected the request

17  of Adams to prohibit MTC or its general contractor, API, from participating in the bidding

18  process for the Gadsden Center so long as there was no involvement of Mr. Connors in that

19  process.

20      NOW, THEREFORE, IT IS HEREBY ORDERED that, based on the declarations

21  submitted on behalf of MTC and the statements of counsel for MTC that there is no opposition to

22  the issuance of a TRO limited to restrictions on the participation of Mr. Connors, an Temporary

23  Restraining Order is hereby entered as follows:

24      1.      Mr. Connors is prohibited from participating any further in consultation,

25  communication about or any general participation in the preparation and/or submittal of the

26  proposal from MTC to API, and in the submission of any formal bid by API to the Department

27  of Labor directed to or intended to obtain the contract with the DOL for the operation of the Job

28  Corps facility at Gadsden, Alabama, pending further order of this Court;

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

2.     MTC, and anyone working with MTC to obtain submit a formal bid or proposal to the DOL for operation of the Gadsden Center, including MTC's general contractor on that bid, API, is prohibited from consulting with or communicating with Mr. Connors about the proposal or using Mr. Connors in any way directed to the procurement of the contract with the DOL for the operation of the Gadsden Center, pending further order of the Court.  And, specifically, neither the proposal from MTC nor the bid from API that is currently due to be submitted on or before July 6, 2012, will contain reference to Mr. Connor as a potential key employee or director of the Gadsden Center, unless specifically allowed by further order of the Court;

3.     Notwithstanding the foregoing, neither MTC nor API is enjoined from submitting a proposal or bid to the DOL for the operation of the Gadsden Center, so long as the above limitations and restrictions on Mr. Connor's further involvement in the procurement process are followed;

4.     Adams proposed, and the Court hereby orders, that Adams shall post a bond in the sum of $5,000 (five thousand dollars) to support the issuance of the TRO; and

5.     This matter is scheduled for a hearing on the preliminary injunction motion brought by Adams to be conducted on Friday, June 29, 2012, at the hour of 9:30 a.m.   The Temporary Restraining Order issued herein shall remain in force until the Court enters a ruling on the preliminary injunction request of Adams.

Dated this 27th day of June, 2012.

UNITED STATES DISTRICT JUDGE

5651583_1